**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

### FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: DEXTER DISTRIBUTING CORPORATION, ET AL. | No. 10-15910 |
| | D.C. No. 2:09-cv-01099-JAT |
| TAYLOR R. COLEMAN, | |
| Appellant, | MEMORANDUM* |
| v. | |
| ANMP, MARK FRANKS, DEXTER DISTRIBUTING CORPORATION, ET AL., OFFICIAL COMMITTEE OF UNSECURED CREDITORS, | |
| Appellees, | |
| NEW CASTLE MEGASTORE CORP.; CASTLE REALTY CORPORATION, | |
| Debtors - Appellees | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted May 9, 2011
San Francisco, California

Before: D.W. NELSON and W. FLETCHER, Circuit Judges, and DUFFY, District Judge.[**]

Taylor Coleman appeals a decision by the district court holding that his appeal of an order by the bankruptcy court confirming a plan of reorganization was statutorily and constitutionally moot. We have jurisdiction under 28 U.S.C. § 158(d), and we AFFIRM.

This Court reviews de novo a district court's decision on appeal from a bankruptcy court. Greene v. Savage (In re Greene), 583 F.3d 614, 618 (9th Cir. 2009). We review the bankruptcy court's conclusions of law and interpretation of the Bankruptcy Code de novo, and its findings of fact for clear error. Id.

The district court properly held that Coleman's appeal was moot under 11 U.S.C. § 363(m) since the debtors' business had already been sold and the bankruptcy court's conclusion that the buyer, Mark Franks, was a good faith purchaser was not clearly erroneous. Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.), 163 F.3d 570, 576 (9th Cir. 1998) ("When a sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal.").

---

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Although Franks was an executive of one of the debtors' companies, a sale to an insider is not per se bad faith. See id. at 577. Further, following testimony, the bankruptcy court found that the debtors had properly considered "a number of alternatives" besides the sale to Franks, but "[n]one that promised a greater return to creditors materialized." The bankruptcy court determined that "Franks is the only possible buyer and that his purchase price is above the fair market value of the business." Thus, the bankruptcy court's conclusion that Franks was a good faith purchaser was not "illogical, implausible, or without support in the record." Retz v. Samson (In re Retz), 606 F.3d 1189, 1196 (9th Cir. 2010) (citation omitted).

Coleman's appeal is also constitutionally moot, since there have been "intricate and involved transactions" in reliance on the bankruptcy court's order confirming the reorganization plan, and reversal would affect the rights of numerous third parties. See Trone v. Roberts Farms, Inc. (In re Roberts Farms, Inc.), 652 F.2d 793, 797 (9th Cir. 1981); Southwest Prods., Inc. v. Durkin (In re Southwest Prods., Inc.), 144 B.R. 100, 105 (B.A.P. 9th Cir. 1992).

**AFFIRMED.**